UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY E. WOOD,<br><br>    Defendant. | CAUSE NO.   3:19cr38 DRL<br>             3:23cv165 DRL |

OPINION AND ORDER

Henry E. Wood filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He says his trial lawyer argued his suppression motion inadequately and failed to thoroughly investigate his case. The court denies the petition.

BACKGROUND

On May 8, 2019, the government charged Mr. Wood with both receiving (count 1) and possessing (count 2) child sex abuse material. *See* 18 U.S.C. §§ 2252(a)(2), (a)(4)(B). He filed a motion to suppress on August 29, 2019, which the court denied in December 2019 after a hearing. *See United States v. Wood*, 426 F. Supp.3d 560 (N.D. Ind. 2019). The following March, he pleaded guilty to receipt, with the condition that he could appeal the suppression decision. The court sentenced him to 168 months that fall.

The suppression motion turned on a search of Mr. Wood's cellphone. In December 2018, he was on state probation for dealing methamphetamine, and officers went to his home to arrest him for violating his parole. While officers frisked Mr. Wood, he repeatedly looked toward his cellphone; and when agents picked it up, he became visibly upset and demanded that they turn it off. Agents then looked in the phone case, found methamphetamine, searched the phone for drug dealing information, and saw what appeared to be child sex abuse material. The phone was turned over to FBI Agent Niccole

Robertson, who obtained a federal search warrant. Searching the phone revealed 2,169 images and 32 videos of child sex abuse material, leading to the federal charges here.

Mr. Wood's motion sought to exclude "any information, statements, photographs, and videos that [were] the direct fruit of an illegal search of a cell phone conducted on January 03, 2019." He argued that *Riley v. California*, 573 U.S. 373 (2014), rendered the search of the cellphone without a warrant unconstitutional (and the fruits thereafter from that initial search tainted). He claimed that the investigator who initially looked at the phone lacked reasonable cause to believe that Mr. Wood was violating or in imminent danger of violating a parole condition.

At the suppression hearing, Mr. Wood's counsel disclaimed any challenge to the search of the home or the back of the phone. With the Fourth Amendment argument an issue of first impression, the court held that *Riley* applied to unsupervised citizens, not parolees, and that officers had reasonable cause to believe that Mr. Wood had violated parole conditions, so there was no Fourth Amendment violation, *Wood*, 426 F. Supp.3d at 578—a decision the court of appeals affirmed, *United States v. Wood*, 16 F.4th 529, 539 (7th Cir. 2021). The court of appeals also found that Mr. Wood waived any argument about the search of his home or cellphone cover by declining to argue them in the initial suppression motion. *Id.* at 537-38. The United States Supreme Court denied a *writ of certiorari*. 142 S. Ct. 1697 (2022).

STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-567 (7th Cir. 2005). The United States Constitution secures the writ of habeas corpus: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to habeas relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since grown to provide prisoners relief from various violations of the Constitution,

laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272-73 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Such a writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the entire record, the motion, and other files. The court holds an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). He must do this through a detailed sworn affidavit—a threshold requirement to an evidentiary hearing. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Allegations that prove merely "vague, conclusory, or palpably incredible," rather than detailed and specific, aren't good enough. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show that the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *See Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

DISCUSSION

The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel. That includes the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To show a violation of this right, a defendant must show that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). Courts "presume that counsel is effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002).

In this § 2255 petition, Mr. Wood argues ineffective assistance of his trial counsel for three reasons: (1) at suppression, failing to argue that the search of his home was unconstitutional, that the

3

search of his cellphone case was unconstitutional, and that the cellphone should not be considered property under his control; (2) failing to conduct a thorough investigation and develop a proper strategy; and (3) preserving an appeal of the suppression issue that he calls a "joke."

A. *Suppression Arguments.*

First, Mr. Wood argues that his trial counsel was ineffective because he focused the suppression motion only on the data on Mr. Wood's cellphone (rather than the methamphetamine in the case) and presented the novel argument that *Riley* should apply to parolees, not just arrestees. The government responds that no evidence outside the cellphone data was critical to the prosecution because Mr. Wood was charged with receipt and possession of child sex abuse material, not any drug crime. The government argues too that his argument likely would have been rejected based on Mr. Wood's status as a parolee.

The court affords counsel "a strong presumption that [his] conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The law generally declines to second-guess the strategic choices of attorneys, *United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir. 2000), though "[a]n attorney's choice rigidly to pursue a losing strategy can certainly support an ineffective assistance of counsel claim," *Gonzales v. Eplett*, 77 F.4th 585, 593 (7th Cir. 2023). Attorneys may have a "tactical reason not to make weak arguments." *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003).

The law at times defers to counsel "to eliminate as much as possible the distorting effects of hindsight." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). "The choice not to investigate a particular defense does not constitute deficient performance if [the] lawyer has made a reasonable decision that makes particular investigations unnecessary." *Stevens v. McBride*, 489 F.3d 883, 890 (7th Cir. 2007) (quotation and citation omitted). And lawyers don't have to make every argument available; they "cannot be faulted for eschewing the proverbial kitchen sink and instead focusing on arguments with better odds." *Lickers v. United States*, 98 F.4th 847, 857 (7th Cir. 2024). At best, ineffective assistance claims are "difficult showings to make." *Id.*

4

To show prejudice, a defendant bears the burden of showing "a reasonable likelihood that, but for his counsel's error, a motion to suppress the evidence would have been granted" and that the suppressed evidence would have been "critical to the prosecution's case." *Edmond v. United States*, 899 F.3d 446, 452 (7th Cir. 2018). The court "need not address the first prong of the *Strickland* test if it is easier to resolve the case on the prejudice inquiry." *McNary v. Lemke*, 708 F.3d 905, 914 (7th Cir. 2013).

Mr. Wood argues that his trial counsel should have challenged the search of both the cellphone case and the home, arguments the court of appeals found he waived. *See Wood*, 16 F.4th at 537-38. But trial counsel made a deliberate choice—indeed a reasonable one—to target the only evidence being used in the federal case against Mr. Wood: child pornography. Counsel smartly noted this at the suppression hearing: "It's not important to [this] case so I don't care about that. I mean, that's a state case with a state possession." [Tr. 5-6, 9]. This wasn't deficient performance, but a sound tactical decision. *See Lickers*, 98 F.4th at 857. Nor can Mr. Wood establish any prejudice because this other evidence of drug possession had no impact on his conviction for receiving or possessing child sex abuse material, or otherwise.

Second, Mr. Wood says his trial counsel should have argued that the cellphone was not property within his control at the time of the search because it was on a junk pile, not in his immediate possession. The government argues that because Mr. Wood was an Indiana parolee, this argument would have been rejected. The government is right. Courts must "balance a parolee's privacy expectations, as shaped by state law, against the state's interests in reducing recidivism and promoting reintegration." *Wood*, 16 F.4th at 535 (citing *United States v. White*, 781 F.3d 858, 861-62 (7th Cir. 2015)). States have "an overwhelming interest in supervising parolees," which "warrant[s] privacy intrusions that would not otherwise be tolerated under the Fourth Amendment." *Samson v. California*, 547 U.S. 843, 853 (2006) (quotations omitted). The law allows searches of parolees "predicated on reasonable suspicion." *United States v. Caya*, 956 F.3d 498, 503 (7th Cir. 2020). Law enforcement can base reasonable suspicion on "nervous or unusual conduct." *United States v. Wanjiku*, 919 F.3d 472, 488 (7th Cir. 2019).

Mr. Wood's signed parole agreement provided that his "person and residence or property under [his] control may be subject to reasonable search." His repeated glances toward the cellphone and other anxious conduct provided reasonable suspicion and suggested to officers that the phone was his. *See Wood*, 16 F.4th at 532. "Only a strained and unreasonable reading" of Mr. Wood's parole conditions "would exclude a parolee's cell phone." *Id.* at 537. "Just because an argument has some remote chance of prevailing does not mean that a lawyer is constitutionally deficient for failing to bring it," *Lickers*, 98 F.4th at 857, and this one had no legitimate chance of prevailing. Mr. Wood thus cannot establish either prong of his constitutional burden.

Third, Mr. Wood faults trial counsel for arguing the case under *Riley*. Out of the gate, the court must say this argument, while ultimately unsuccessful, was intelligent. Just because it was novel doesn't mean it wasn't good, for then counsel would be frozen from advancing new arguments in the interest of extending the law to other scenarios where the law has not yet spoken. An attorney's decision "based on a misunderstanding of law or fact [] can amount to ineffective assistance," *Vinyard*, 804 F.3d at 1225, but "'law is no exact science' and 'the rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized,'" *Fenderson v. United States*, 2021 U.S. Dist. LEXIS 77088, 12 (S.D. Ill. Mar. 15, 2021) (quoting *Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999)).

None of the prior cases addressing the issue were based on Indiana law, so the court had to "assess the issue anew within the context of Indiana's parole system." *Wood*, 426 F. Supp.3d at 567. On appeal, the Seventh Circuit noted that because of "the context-specific nature of the Fourth Amendment," the argument under *Riley* required a "fresh look." *Wood*, 16 F.4th at 533. It was "plausible" on its face, *id.* at 538, and trial counsel cited case law finding a warrantless search of a probationer's cellphone unconstitutional under *Riley*, *see United States v. Lara*, 815 F.3d 605, 612 (9th Cir. 2016). It may well have been unintelligent not to have made the argument; but it wasn't ineffective for trial counsel to make the argument. Knowing Mr. Wood was on parole, it was sound to present the point, not prejudicial.

6

B.  *Failure to Investigate.*

Mr. Wood next claims that trial counsel failed to investigate his case properly. "When the alleged deficiency is a failure to investigate, the movant must provide 'the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced.'" *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (quoting *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003)). Defense counsel need only conduct "reasonable investigations." *Strickland*, 466 U.S. at 691. A "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* "A reasonable investigation is not [] the investigation that the best criminal defense lawyer in the world, blessed not only with unlimited time and resources but also with the inestimable benefit of hindsight, would conduct." *Thomas v. Gilmore*, 144 F.3d 513, 515 (7th Cir. 1998). Mr. Wood has not met his burden to show counsel's performance fell below the constitutional standard or that it caused prejudice.

Most important, Mr. Wood hasn't explained what further investigation would have uncovered or how it would have changed his case's outcome. *See Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017). Instead, he focuses only on his counsel's seeming inability (his words) to answer certain questions at the suppression hearing. He claims that Mr. Jones couldn't answer questions about when the search of the home occurred, who owned the home that was searched, and what the underlying charge was. This may make Mr. Wood unhappy, but these answers turned out immaterial to the thrust of the motion and never affected its outcome.

The only time Mr. Wood suggests possible new information is his repeated assertion that, had trial counsel investigated, he would have known about Mr. Wood's parolee status, which would have changed his decision to make the *Riley* argument. But trial counsel knew that already—for he attached the conditions of Mr. Wood's parole to the suppression motion and presented the argument on this very premise. Other exhibits included in the suppression proceedings claimed that Mr. Wood "violated parole

7

and was arrested for possession of [m]ethamphetamine." Mr. Wood says he was never charged for possessing methamphetamine, but that doesn't change the record showing he was arrested for it. On this record, investigating more would not have provided any information that trial counsel needed to know or that would have impacted the course of Mr. Wood's criminal proceeding. The court thus must deny his habeas corpus petition.

C. *Plea Agreement.*

Finally, Mr. Wood argues that the preservation of his right to appeal the suppression motion in his plea agreement was a "joke." He complains about the strategic legal decisions his counsel made, but he appealed this court's suppression decision to the Seventh Circuit—and that is what his plea agreement preserved. Many offenders often forego this right, but Mr. Wood's trial counsel negotiated Mr. Wood's ability to preserve this right. That was a sound strategy by trial counsel to preserve an argument that the court of appeals to date had not decided. Mr. Wood may be unhappy with the appeal's outcome, but it wasn't a joke. He was able to exercise his appeal rights as promised. And this argument today by Mr. Wood contradicts his statements at the plea hearing when he said he was "fully satisfied with the job" that his trial counsel had done and that his trial counsel had not ignored Mr. Wood's wishes "at all." The court credits these earlier statements under oath rather than these later revisions today. *See United States v. Cieslowski*, 410 F.3d 353, 358 (7th Cir. 2005).

## CERTIFICATE OF APPEALABILITY

Under Section 2255 Habeas Corpus Rule 11, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). When a petition is dismissed on the merits, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists could not debate the court's rulings—for the reasons given today.

CONCLUSION

Petitions under 28 U.S.C. § 2255 are meant for extraordinary circumstances, when a defendant's imprisonment stems from a constitutional violation, not a last effort to avoid imprisonment or service of imprisonment for a crime. Mr. Wood's sentence of imprisonment wasn't the result of any constitutional violation or any other defect that affords habeas corpus relief. Accordingly, the court DENIES the petition to vacate his sentence [86] and DENIES a certificate of appealability. This order terminates the civil case (Cause No. 3:23cv165) too.

SO ORDERED.

August 6, 2024                                              *s/ Damon R. Leichty*
                                                            Judge, United States District Court